Katye Brown, #7-5709
WOODHOUSE RODEN NETHERCOTT, LLC
1912 Capitol Avenue, Suite 500
Cheyenne, WY 82001
(307) 432-9399
*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 SEP 15 PM 3: 14

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CHERRI SMILEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-172-S |
| | ) |
| **FREIGHTLINE REPUBLIC, LLC** | ) |
| A Texas Limited Liability Company, | ) |
| **JESSICA MURGA,** and | ) |
| **LAWRENCE WILLIAMS.** | ) |
| | ) **Plaintiff Demands a Jury Trial** |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Cherri Smiley, by and though her attorney, Katye Brown of Woodhouse Roden Nethercott, LLC, and for her *Complaint* against the Defendants Freightline Republic, LLC, a Texas Limited Liability Company, Jessica Murga, and Lawrence Williams, and pleading hypothetically and in the alternative, states as follows:

### I. PARTIES AND NATURE OF THE CASE

1. At all times relevant, Plaintiff Cherri Smiley was and is a citizen of the State of Colorado, domiciled in Aurora, Colorado. Ms. Smiley was and is an over-the-road truck driver who was working for Express Freight at the time of the incident.

2. Defendant Freightline Republic, LLC is a Texas Limited Liability Company, with its principal place of business in Horizon City, Texas. Freightline Republic, LLC is a trucking company.

3. To the best of Plaintiff's knowledge Defendant Jessica Murga was and is a citizen of the State of Texas, domiciled in Horizon City, Texas. Jessica Murga is believed to be the sole member of Freightline Republic, LLC, and/or individual owner of the semi-truck involved in the accident.

4. To the best of Plaintiff's knowledge Defendant Lawrence Williams was and is a citizen of the State of Texas, domiciled in Amarillo, Texas. Lawrence Williams is the driver of the vehicle involved in the crash with Ms. Smiley.

5. At all times relevant, Defendants regularly conducted business in the State of Wyoming, and the incident in question occurred in Albany County, Wyoming on Interstate-80 West.

6. On August 12, 2018 Ms. Smiley was driving a semi-tractor and trailer heading westbound on Interstate-80 in Albany County, Wyoming. Lawrence Williams was also traveling westbound driving a semi-tractor and trailer. There were several signs indicating there was a construction zone and left lane closure ahead. Ms. Smiley was approaching the construction zone in the right lane, and Mr. Lawrence, traveling in the left lane, attempted to pass Ms. Smiley in the left lane to get in front of her before the closure. Mr. Lawrence did not have enough room to complete the pass safely, and as a result he merged into Ms. Smiley's lane of travel and his trailer stuck the side of Ms. Smiley's cab. The collision caused significant injury to Ms. Smiley, which resulted in, among other things, shoulder surgery and chronic pain throughout various parts of her body.

## II. JURISDICTION AND VENUE STATEMENT

7. This action is brought pursuant to 28 U.S.C. §1332, due to the diversity of citizenship.

8. Further, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees pursuant to 28 U.S.C. §1332.

9. Plaintiff Cherri Smiley is a resident of the State of Colorado, who worked as a truck driver transporting goods across the country.

10. Defendant Freightline Republic, LLC is a Texas Limited Liability Company that operates in trucking, with its principal place of business in Horizon City, Texas.

11. To the best of Plaintiff's knowledge Defendant Jessica Murga was and is a citizen of the State of Texas, domiciled in Horizon City, Texas. Jessica Murga is believed to be the owner of Freightline Republic, LLC, and/or individual owner of the semi-truck involved in the accident.

12. To the best of Plaintiff's knowledge Defendant Lawrence Williams was and is a citizen of the State of Texas, domiciled in Amarillo, Texas. Lawrence Williams is the driver of the vehicle involved in the crash with Ms. Smiley.

13. At all times relevant, Defendants conducted business in the State of Wyoming by transporting goods throughout the State of Wyoming via semi-truck.

14. The motor vehicle accident that is the subject of this Complaint occurred in Albany County, Wyoming. Therefore, pursuant to 28 U.S.C. §1391(b)(2), the proper venue for this action is the United States District Court for the District of Wyoming.

15. At all relevant times Defendant Freightline Republic, LLC employed Lawrence Williams, and Mr. Williams was acting within the scope of his employment during the events

giving rise to this Complaint. Defendant Freightline Republic, LLC is vicariously liable for the acts and omissions of its agent, Lawrence Williams.

16. Alternatively, at all relevant times Defendant Murga owned the truck driven by Mr. Williams, and Mr. Williams was acting as her employee or agent during the events giving rise to this Complaint. Defendant Murga is vicariously liable for the acts and omissions of her agent, Lawrence Williams.

17. Alternatively, at all relevant times Mr. Williams was an independent contractor, contracted by Defendant Freightline Republic, LLC and/or Defendant Murga.

18. Alternatively, at all relevant times Defendant Murga owned the truck driven by Mr. Williams, and Defendant Murga negligently entrusted Mr. Williams with the vehicle.

19. Mr. Williams owed Plaintiff a duty to conform to a specific standard of care, Mr. Williams breached that duty of care, and Mr. Williams' breach is the proximate cause of Plaintiff's injuries. Plaintiff's injuries are compensable by money.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. Ms. Smiley is an over the road trucker who was heading westbound on Interstate 80 on August 12, 2018. She was driving a semi tractor and trailer and was going the speed limit. There were several signs indicating there was a construction zone and lane closure ahead. There were flashing lights indicating the lane closure that Ms. Smiley saw from at least a half a mile away; the road was flat and the weather was clear.

21. As Ms. Smiley was approaching the construction zone in the right lane, she noticed Mr. Williams attempting to pass her in the soon-to-be-closed left lane. Mr. Williams was aggressively attempting to pass Ms. Smiley before his lane closed. Ms. Smiley was very nervous

that he was not going to be able to pass her before the lane closed, so she hit the brakes and moved over as far as possible into the shoulder.

22. Regardless of not having enough room to merge safely into the right lane prior to the closure, Mr. Williams forced his way into Ms. Smiley's lane of travel. As a result of his actions, the back of his trailer struck the side of Ms. Smiley's cab. The vehicles violently collided, and continued to make contact for several hundred feet until Mr. Williams was finally able to pull away.

23. The collision caused severe and permanent injury to Ms. Smiley, including but not limited to shoulder surgery, and chronic wrist, hip, neck and ankle pain.

## COUNT I: NEGLIGENCE

### (Plaintiff v. Defendant Williams)

24. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

25. At all relevant times Defendant Williams had a duty to keep control of his vehicle so as to avoid creating a dangerous condition on the roadway.

26. At all relevant times, Defendant Williams also had a duty to take such actions as were necessary to prevent from striking any other persons with the trailer attached to his vehicle as he drove.

27. Defendant Williams breached his duties of care in one or more of the following ways:

    a. Failed to maintain his lane;

    b. Failed to drive the speed limit and use caution regarding fellow travelers;

    c. Failed to properly use the travel lane of Interstate 80;

      d.    Failed to maintain proper control of his vehicle;

      e.    Failed to exercise due care by attempting to race Ms. Smiley to the lane closure; and/or

      f.    Was otherwise careless, negligent, reckless, and/or willful and wanton in the operation of his vehicle.

28. The aforementioned acts and omissions were the proximate cause of the accident and Plaintiff's subsequent injuries, losses and damages.

29. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

30. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT II: VICARIOUS LIABILITY- NEGLIGENCE

**(Plaintiff v. Freightline Republic, LLC)**

31. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

32. Defendant Freightline Republic, LLC is vicariously liable to Plaintiff for the careless, negligent, reckless and/or willful and wanton conduct of Mr. Williams, who was their agent and/or employee acting within the course and scope of his employment at the time of the collision.

33. The aforementioned acts and omissions were the cause of the accident and Plaintiff's subsequent injuries, losses and damages.

34. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant and/or their employee or agent, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

35. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT III: VICARIOUS LIABILITY- NEGLIGENCE
### (Plaintiff v. Defendant Murga)

36. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

37. Defendant Murga is vicariously liable to Plaintiff for the careless, negligent, reckless and/or willful and wanton conduct of Mr. Williams, who was her agent and/or employee acting within the course and scope of his employment or agency at the time of the collision.

38. The aforementioned acts and omissions were the cause of the accident and Plaintiff's subsequent injuries, losses and damages.

39. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant and/or her employee or agent, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

40. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT IV: NEGLIGENT OR RECKLESS PRINCIPAL

### (Plaintiff v. Freightline Republic, LLC)

41. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

42. Defendant Freightline Republic, LLC is liable to Plaintiff because it conducted business through its employee, Mr. Williams, who was an improper person to employ involving risk of harm to others, and Mr. Williams' negligent or reckless conduct caused injury to Plaintiff.

43. Alternatively, Defendant Freightline Republic, LLC is liable to Plaintiff because it conducted business through Mr. Williams, and failed to prevent negligent conduct by him in the operation of instrumentalities under its control.

44. As a direct and proximate result of the previously described acts of Defendant and/or its employee or agent, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

45. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT V: NEGLIGENT OR RECKLESS PRINCIPAL

### (Plaintiff v. Defendant Murga)

46. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

47. Defendant Murga is liable to Plaintiff because she conducted business through her employee, Mr. Williams, who was an improper person to employ involving risk of harm to others, and Mr. Williams' negligent or reckless conduct caused injury to Plaintiff.

48. Alternatively, Defendant Murga is liable to Plaintiff because she conducted business through Mr. Williams, and failed to prevent negligent conduct by him in the operation of instrumentalities under her control.

49. As a direct and proximate result of the previously described acts of Defendant and/or her employee or agent, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

50. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT VI: NEGLIGENT ENTRUSTMENT
### (Plaintiff v. Defendant Murga)

51. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

52. Defendant Murga negligently supplied a semi-truck to Mr. Williams for his use as a truck driver, and she knew or should have known that based upon his driving history he was likely to use the vehicle in a manner involving unreasonable risk of physical harm to himself or others.

53. As a direct and proximate result of the previously described acts of Defendant, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

54. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT VII: WILLFUL AND WANTON CONDUCT

**(Plaintiff v. Defendant Williams, Defendant Freightline Republic, LLC, and Defendant Murga)**

55. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Interstate-80 was a busy highway for trucks who were using the highway to deliver goods across the Country.

57. Upon information and belief, due to the high volume of truck traffic on the major highways that run through Wyoming, Wyoming is known to be a dangerous state in terms of fatal truck accidents per capita.

58. Mr. Williams told Ms. Smiley, "I tried to beat you to the road construction" because he was running late to get to Boise and was trying to make up some time.

59. Mr. Williams was aware that the lane closed ahead, and he engaged in dangerous behavior to attempt to beat Ms. Smiley to the road closure.

60. Mr. Williams acted willfully, wantonly and recklessly in one or more of the following ways:

   a. Willfully, wantonly, and recklessly failed to properly use the travel lane of Interstate-80;

   b. Willfully, wantonly, and recklessly failed to maintain proper control of his vehicle;

   c. Willfully, wantonly, and recklessly failed to maintain proper speed;

   d. Willfully, wantonly, and recklessly drove into Ms. Smiley's lane in an attempt to beat her to the lane closure;

   e. Was otherwise reckless and/or willful and wanton in the operation of his vehicle.

61. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant and/or its employee or agent, Plaintiff suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment and loss of past and future income, and

loss of consortium. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

62. At all relevant times, Defendant Freightline Republic, LLC was vicariously liable for Mr. Williams' willful and wanton conduct because he was employed by Defendant and acting in the course and scope of his employment at the time of the accident.

63. At all relevant times, Defendant Murga was vicariously liable for Mr. Williams' willful and wanton conduct because he was employed by Defendant and acting in the course and scope of his employment at the time of the accident.

64. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages; (f) the court set a Jury Trial; and (g) for such other and further relief the Court deems appropriate under the circumstances.

Respectfully submitted this 15th day of September, 2021.

WOODHOUSE RODEN NETHERCOTT, LLC

_____
Katye Brown, #7-5709
WOODHOUSE RODEN NETHERCOTT, LLC
1912 Capitol Ave. Suite 500
Cheyenne, WY 82001
(307) 432-9399
Katye@wrnlawfirm.com

Theodore R. Ridder *(Pro Hac Vice Pending)*
Franklin D. Azar & Associates, P.C.
14426 E. Evans Ave
Aurora, CO 80014
303-757-3300
riddert@fdazar.com

*Attorneys for Plaintiff*